IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| Daniel KING, | |
| Plaintiff, | |
| v. | CIVIL ACTION |
| Judge Charles B. BURR, II et al., | NO. 2:17-cv-02315-MMB |
| Defendants, | |

BAYLSON, J                                                                                                December 7, 2017

### MEMORANDUM RE: DEFENDANT RIVERWATCH'S MOTION FOR COUNSEL FEES

In this case, Plaintiff Daniel King ("King") alleges that his Fourteenth Amendment constitutional rights to due process and equal protection were violated by Defendants Judge Charles B. Burr ("Burr") and Riverwatch Condominium Owner's Association ("Riverwatch," and collectively "Defendants"), when Judge Burr entered orders in ongoing property damage litigation between King and Riverwatch. The Court previously granted Defendants' Motion to Dismiss, thereby mooting Plaintiff's Motion to Dismiss Defendants' Motion to Dismiss.[1] Presently before the Court is Defendant Riverwatch's Motion for Counsel Fees.

For the reasons discussed below, Defendant's motion will be GRANTED.

### I. Factual and Procedural History

The litigation on which the present case is based originated in 2008 as a result of an action in the Pennsylvania Court of Common Pleas of Delaware County before the Honorable Charles B. Burr initiated by King against Riverwatch. On June 21, 2010, Judge Burr entered judgment in the matter in favor of Riverwatch on all of King's claims. (ECF No. 9, Am. Compl.

---

[1] After Defendants filed their Motion to Dismiss, Plaintiff moved to dismiss the Defendants' Motion. The disposition of Defendants' Motion to Dismiss rendered Plaintiff's competing motion moot, but in any event, Plaintiff's motion was procedurally improper and legally nonsensical.

1

¶¶ 20; 22). On July 12, 2010, King appealed from the June 21, 2010 judgment based on his allegation that the judgment had been entered when Judge Burr did not have power of authority to exercise jurisdiction over the matter; the validity of Judge Burr's ruling was affirmed on appeal to the Commonwealth Court of Pennsylvania. (Am. Compl. ¶ 24; ECF No. 10, Def. Mot. I. ¶ 4). Two weeks later, on July 28, 2010, Judge Burr entered a dispositive order granting Riverwatch's preliminary objections and dismissing all post-verdict motions ("2010 order"). (Am. Compl. ¶ 27). King again appealed to the Commonwealth Court of Pennsylvania, and his appeal was denied once more. (ECF No. 11, Def. Mot. II ¶ 16).

Four years later, on February 21, 2014, Judge Burr conducted a bench trial that resulted in an assessment of $30,179.54 of attorney's fees due by King to Riverwatch. (Am. Compl. ¶ 41). King filed an appeal from the order granting Riverwatch's request for attorney's fees on March 20, 2014, arguing that the judgment was void because it was entered before post-trial motions were due. (Am. Compl. ¶¶ 42, 45). Judge Burr's determination was again affirmed on appeal. (Def. Mot. II ¶ 16). Thereafter, on April 1, 2014, Judge Burr entered a dispositive order dismissing King's post-trial motions ("2014 order"). (Am. Compl. ¶ 46). King appealed this disposition to the Commonwealth Court of Pennsylvania, which stayed his motion pending a ruling by the Pennsylvania Supreme Court. (Def. Mot. II ¶ 16).

King has filed approximately forty-eight appeals related to this litigation. (Def. Mot. II ¶ 15). The substance of his contentions in these appeals is that Judge Burr had been divested of jurisdiction, per Pennsylvania's jurisdictional statutes, at the time he entered the 2010 and 2014 orders, and therefore they must be declared null and void. (Am. Compl. ¶¶ 23-30, 42-49). In these appeals, as in the instant matter, King asserts that the enforcement of the 2010 and 2014 orders has deprived him of "liberty and property rights in violation of due process and equal

protection." (Am. Compl. ¶¶ 29, 43).

King commenced his federal suit on May 22, 2017, seeking declaration of the invalidity of the 2010 and 2014 orders; injunctive relief prohibiting the enforcement of the 2010 and 2014 orders; and reasonable damages. (ECF 1). On June 12, 2017, Judge Burr filed a Motion to Dismiss based principally on the Court's lack of subject-matter jurisdiction, and also asserting alternative theories in support of dismissal. (ECF 7). King filed an Amended Complaint on June 20, 2017. (ECF 9). On June 26, 2017, Judge Burr moved to dismiss King's Amended Complaint on the same grounds. (ECF 10). On the same day, Riverwatch moved to dismiss King's Amended Complaint in a separate motion, echoing the lack of subject-matter jurisdiction based on the Rooker-Feldman doctrine. (ECF 11). On July 14, 2017, King filed a Response in Opposition to Defendants' Motion to Dismiss. (ECF 12). Three days later, on July 17, 2017, King filed a Motion to Dismiss the Defendants' Motion to Dismiss, asserting that dismissal of Defendants' motion was proper under the Rooker-Feldman doctrine. (ECF 13). Thereafter, on July 31, 2017, Defendants filed a Reply in further support of their Motion to Dismiss, emphasizing the impropriety of retaining jurisdiction over the matter when the Rooker-Feldman doctrine mandated dismissal. (ECF No. 14). Finally, King filed a Reply to Defendants' Answer to his Motion to Dismiss on August 17, 2017. (ECF 14). This Court granted Defendants' Motion to Dismiss on August 24, 2017, finding that the Rooker-Feldman doctrine deprives the Court of subject-matter jurisdiction over King's claims. (ECF 17). Notably, although Defendants challenged Plaintiff's Complaint on four separate grounds,[2] the Court did not

---

[2] The three other grounds were: (2) that the relief King seeks is improper, because declaratory relief is not a remedy for past misconduct, and King has not satisfied the Article III requirements for standing to obtain injunctive relief; (3) that King's claims are barred by the two-year statute of limitations for personal injury actions, which is exceeded as to both of the orders for which King is seeking redress; and (4) that Judge Burr, individually, enjoys absolute immunity from King's claims because he acted in his official judicial capacity and therefore is protected under the Eleventh Amendment. (Def. Mot. I at 3, 5,

3

consider the latter three grounds after finding it did not have subject matter jurisdiction. (See id.).

Presently before the Court is Riverwatch's Motion for Counsel Fees, filed on August 31, 2017. (ECF 18). Plaintiff filed a Response in opposition on September 21, 2017. (ECF 20).[3]

## II. Relevant Statutes

The Motion for Counsel Fees grounds its claim against Plaintiff in 42 U.S.C. § 1988(b) and its claim against Plaintiff's counsel in 28 U.S.C. § 1927.

42 U.S.C. § 1988(b) provides:

> In any action or proceeding to enforce a provision of sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this title, title IX of Public Law 92-318, the Religious Freedom Restoration Act of 1993, the Religious Land Use and Institutionalized Persons Act of 2000, title VI of the Civil Rights Act of 1964, or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity such officer shall not be held liable for any costs, including attorney's fees, unless such action was clearly in excess of such officer's jurisdiction.

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

---

9).

[3] Plaintiff has also filed a notice of appeal. (ECF 19).

**III. Discussion**

The Court has reviewed the Riverwatch Condominium Owner's Association Motion for Counsel Fees (ECF 18) and the answer filed by Plaintiff's counsel (ECF 20). It appears without contradiction that the Plaintiff abused the privilege of open filing in this Court, and in Pennsylvania state courts, on a straightforward issue involving Pennsylvania real estate law and procedures. The Plaintiff's response states a number of conclusory arguments that do not have any connection to the facts of the case and the underlying litigation procedures. The Plaintiff's Memorandum contains a number of concessions, and Plaintiff's legal citations do not meet the issue and are without any merit. The Court will grant the Defendant's Motion for fees. Upon review of the statement of requested fees, the Court finds it is reasonable and will enter an order and judgment requiring the Plaintiff and/or his counsel, jointly and severally, to pay $3,985.00 to Defendant, Riverwatch Condominium Owners Association.

The Court is aware that an appeal has been filed in this case by the Plaintiff to the United States Court of Appeals for the Third Circuit.

O:\CIVIL 17\17-2315 King v Burr\17cv2315 Memo re Riverwatch Mot for Atty Fees.docx